**[J-94A-2024 and J-94B-2024] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 35 EAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered on June 26, |
| | : | 2023, at No. 115 EDA 2022, |
| v. | : | affirming the Judgment of Sentence |
| | : | of the Court of Common Pleas of |
| | : | Philadelphia County, Criminal |
| JAMES SMITH, | : | Division, entered on November 15, |
| | : | 2021, at No. CP-51-CR-0002286- |
| Appellant | : | 2020. |
| | : | |
| | : | ARGUED: November 20, 2024 |

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 36 EAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered on June 26, |
| | : | 2023, at No. 116 EDA 2022, |
| v. | : | affirming the Judgment of Sentence |
| | : | of the Court of Common Pleas of |
| | : | Philadelphia County, Criminal |
| JAMES SMITH, | : | Division, entered on November 15, |
| | : | 2021, at No. CP-51-CR-0001692- |
| Appellant | : | 2021. |
| | : | |
| | : | ARGUED: November 20, 2024 |

**CONCURRING OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED: September 25, 2025**

I join the majority's holding "that on the record presented, the trial court did not abuse its discretion in refusing to voir dire the jury panel on the question proposed by Smith." Majority Opinion at 3. As the majority rightly explains, Smith made "no attempt to persuade the trial court" that there exists a recognized societal bias in favor of the

truthfulness of child victims of sexual abuse, *see id*. at 20, and "the lower courts did not accept the possibility that [such] a bias . . . was cognizable." *Id*. at 25. I also agree that this Court has never foreclosed the possibility of "recognizing [new] potential class[es] of witnesses that could evoke a fixed bias as a matter of first impression[.]" *Id*. at 19. However, to the extent the majority's opinion could be read as going further than that and seemingly endorsing the recognition of a new class along the lines Smith proposes, *see id*. at 22 (opining that "Smith propounds a developed argument here for the propriety of the proffered question" that is "detailed and nuanced"); *see also id*. at 21 & n.13 (*sua sponte* citing a single, non-binding decision from Maryland in support of contention that Smith's "hypothesis for why such bias may exist . . . has been recognized in other jurisdictions"), I respectfully distance myself from it.

Candidly, I question the prevalence of a "child sexual assault victim trustworthiness bias" within our society. *See generally Commonwealth v. Delbridge*, 855 A.2d 27, 39-40 (Pa. 2003) ("**Common experience** informs us that children are, by their very essence, fanciful creatures who have difficulty distinguishing fantasy from reality; who when asked a question want to give the 'right' answer, the answer that pleases the interrogator; who are subject to repeat ideas placed in their heads by others; and who have limited capacity for accurate memory.") (emphasis added). Notably, despite the general presumption that a witness is competent to testify, we have instructed that "where a child under the age of 14 is called to testify as a witness, the trial court must make an independent determination of competency" based upon multiple factors, including "a consciousness of duty to speak the truth." *Commonwealth v. Walter*, 93 A.3d 442, 451 (Pa. 2014). Thus, I am not at all convinced by Smith's "comprehensive argument" that a fixed bias in favor of the trustworthiness of child sexual assault victims is so potent and widespread in our society

that a trial court's refusal to permit inquiry on that specific topic during voir dire constitutes reversible error. Majority Opinion at 7.

In any event, I emphasize that the majority, notwithstanding the above-noted language suggesting an affinity for Smith's position, ultimately "express[es] no opinion on the viability of Smith's argument" and "take[s] no position on the legitimacy of the hypothesis that there is a bias in favor of the truthfulness of the testimony of child victims of sexual abuse (or their untruthfulness)." Majority Opinion at 22-23 n.18.[1] Consequently, unless and until this Court in a future case formally recognizes a societal bias in favor of the truthfulness of child victims of sexual abuse, trial courts retain their discretion to refuse to specifically probe this line of inquiry during voir dire. *See Commonwealth v. Futch*, 366 A.2d 246, 248 n.4 (Pa. 1976) ("[T]he Constitution does not always entitle a defendant to have questions posed during voir dire [specific]ally directed to matters that conceivably might prejudice venirem[e]n against him. . . . [Thus, t]he

---

[1] The majority also appears to reject one of the Commonwealth's arguments even though it is irrelevant to the narrow way in which the majority disposes of this case. *See* Majority Opinion at 24-25 (after concluding the trial court did not abuse its discretion based on Smith's shortcomings in that court, proceeding to "critique[] . . . the Commonwealth's position" and then purporting to hold any voir dire question that "seeks to determine the existence of a bias in favor or against a certain class of witness . . . is proper even though it will disclose the juror's view of the evidence offered by [a] law enforcement officer"). We did not grant review to consider this separate issue either, and since the majority's supposed rejection of this argument is not relevant to its disposition, that makes it dicta. *See In re Huff*, 334 A.3d 232, 245 n. 11 (Pa. 2025) ("[T]his Court has explained that 'dicta' is an opinion by a court on a question . . . that is not essential to the decision. Dicta, thus, has no precedential value. While dicta may be respected it ought not to control the judgment in a subsequent suit, when the very point is presented for decision.") (cleaned up). And you don't have to take my word for it; take the majority's. *See* Majority Opinion at 22-23 n.18 ("We hold **only** that the trial court did not err in refusing to question the jurors on their potential bias in this case because of the lack of developed record and argument in favor of propounding the question.") (emphasis added). For my part, I reserve judgment on this discrete issue for a future case in which it is actually essential to the decision.

State's obligation to the defendant to impanel an impartial jury generally can be satisfied by less than an inquiry into a specific prejudice feared by the defendant."), *quoting Ristaino v. Ross*, 424 U.S. 589, 594 (1976) (footnote omitted).

I respectfully concur.[2]

---

[2] In addition to joining those parts of the majority opinion identified above, I join its decision to remand to the Superior Court with respect to the second issue presented in this appeal. *See* Majority Opinion at 25-27. Although Justice Mundy makes a compelling argument that Smith's sufficiency challenge will ultimately fail, I see no real harm in allowing the Superior Court to reconsider the issue in the first instance "with the benefit of briefing post-*Strunk*." *Id*. at 26, *citing Commonwealth v. Strunk*, 325 A.3d 530 (Pa. 2024).